PEOPLE ex rel. HEWITT v. HOYLAND, County Treasurer.

(Supreme Court, Appellate Division, Third Department.   May 3, 1911.)

SHERIFFS AND CONSTABLES (§ 54*)—COMPENSATION.

 A deputy sheriff appointed as court attendant under Laws 1909, c. 519, to whom an annual compensation is allowed by the county board, as that act provides, is not entitled to fees for mileage given by Code Civ. Proc. § 3312, to attendants appointed under section 343 of the judiciary law (Consol. Laws 1909, c. 30); such fees being expressly excluded by Code Civ. Proc. § 3330.

 [Ed. Note.—For other cases, see Sheriffs and Constables, Dec. Dig. § 54.*]

Appeal from Special Term, Albany County.

Mandamus by the People, on the relation of Lorenzo D. Hewitt, against William P. Hoyland to compel respondent, as county treasurer, to pay mileage claimed to be due under section 3312 of the Code of Civil Procedure. From an order denying relator's motion for a peremptory writ, he appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, SEWELL, and HOUGHTON, JJ.

William E. Woollard (Michael D. Reilly, of counsel), for appellant.
Luther C. Warner (Ellis J. Staley, of counsel), for respondent.

SMITH, P. J.   By section 343 of the judiciary law, it is provided that, in any county where the compensation of the attendants provided for in section 403 of this chapter is now fixed by statute at the sum of $3 per day and mileage, the number of attendants to be appointed for any one term of court pursuant to said section shall not exceed 18.   By section 3312 of the Code of Civil Procedure it is provided that a deputy sheriff attending a sitting of a court of record, pursuant to a notice from the sheriff, is entitled to a fee for each day's

actual attendance to be fixed by the board of supervisors "and mileage as allowed by law to trial jurors in courts of record." By chapter 519 of the Laws of 1909, it was provided that the sheriff of Albany county shall authorize and designate ten of his deputies, one from each town in said county, to attend all of the trial terms of the Supreme and County Courts held in said county, and that such deputies should receive such compensation as might be fixed and determined by the board of supervisors of said county. In that act it was provided "that this act shall not operate to increase or decrease the number of attendants upon said terms of court now provided by law." In pursuance of this act, the board of supervisors passed a resolution that the deputies appointed thereunder should receive "in addition to their fees in civil cases an annual compensation of $780, payable in monthly installments." This relator was one of the 10 deputies appointed under the act of 1909. He has received his regular compensation at a rate of $780 per year. He now claims that, in addition to that compensation, he is further entitled to the mileage specified in section 3312 of the Code of Civil Procedure. The Special Term has held otherwise, and with his decision we are in entire accord.

Under the provision of the judiciary law cited, deputy sheriffs to the number of 18 might be appointed by the sheriff to attend the terms of court in the county of Albany. The act of 1909 providing for the appointment of ten deputies to attend all of the terms of court, and authorizing the board of supervisors to fix an annual compensation, in effect created two classes of deputies as court attendants: Ten deputies appointed under this act and other deputies not exceeding eight, appointed under section 343 of the judiciary law. While the 10 deputies appointed under the act of 1909 received the annual compensation specified by the board of supervisors, the other deputies received the compensation provided under section 3312 of the Code, which included a $3 fee as provided by the board of supervisors and the mileage of jurors. That the deputies to whom an annual compensation is allowed are not entitled to mileage thereto would seem to be a matter of first impression. Ordinarily a provision for annual compensation is not accompanied with any provision for additional fees for mileage. This general legislative plan is specifically expressed in section 240 of the county law (Consol Laws 1909, c. 11), which provides certain county charges as follows:

"9. The moneys necessarily expended by any county officer in executing the duties of his office, in cases in which no specific compensation for such service is provided by law."

Notwithstanding this general rule, the Legislature may unquestionably provide for fees for mileage in addition to an annual compensation, but such an intention must be clearly indicated, and is not found in the case at bar. Section 3312 of the Code of Civil Procedure is in a title of the Code specifying "Sums Allowed as Fees." By section 3307 the sheriff is entitled to certain "fees," among which is six cents for each mile traveled for necessarily traveling to serve or execute a subpœna; for mileage upon an execution, for each mile traveled 10 cents; for attending a view, eight cents for each mile, or for execut-

ing any mandate to put a person into possession of real property "the same travel fees as upon the service of a summons." It will thus be seen that mileage allowed is just as much a fee as is specific compensation for service. If this be true, the allowance of mileage is expressly excluded by section 3330 of the Code of Civil Procedure, which provides:

"The allowance of a fee by this title does not apply to a case where special provision is otherwise made by statute for compensation for a particular service."

These reasons lead to an affirmance of the order, with $10 costs and disbursements.

Order affirmed, with $10 costs and disbursements. All concur. BETTS, J., not sitting.